

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

ENTERED
02/01/2016

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 14-60074** |
| **QUALITY LEASE AND RENTAL** | § | **CHAPTER  11** |
| **HOLDINGS, LLC; dba ROCACEIA** | § | |
| **ENERGY SERVICES** | § | |
| | § | |
| Debtor(s). | § | **DAVID R. JONES** |
| | § | |
| | § | |
| **GRETA YVETTE MOBLEY,** *et al* | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 14-6005** |
| | § | |
| **QUALITY LEASE AND RENTAL** | § | |
| **HOLDINGS, LLC,** *et al* | § | |
| | § | |
| Defendant(s). | § | |

**ORDER AND REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT
REGARDING THE WITHDRAWAL OF THE REFERENCE
OF THIS ADVERSARY PROCEEDING**
**(Docket Nos. 40, 42, 43, 46, 47, 74, 78 and 79)**

This adversary proceeding involves protracted litigation between the Debtors and the sellers of several businesses to the Debtors, their sons and several affiliates.  At the core of the dispute is the allegation that after consummating the sale, the Sellers improperly diverted corporate assets and business opportunities from the Debtors to themselves.

There are numerous claims, cross-claims, counterclaims and third-party claims in this adversary proceeding which have been asserted at one time or another in four different courts over the past three years. This adversary proceeding originated in the 329th Judicial District Court of Wharton County, Texas.  The case was removed to this Court by the Debtors after filing for protection under chapter 11.  Additional claims were filed post-removal.

Attempting to unravel the entire sequence of events and the litany of pleadings filed during the life of the litigation is not necessary at this time.  The Court will attempt to address only those issues necessary to issue a report and recommendation on the motions to withdraw the reference filed by several parties, reserving other pending matters for the court that will ultimately adjudicate the merits of the case.  For the reasons set forth below, this Court

recommends that the entire adversary proceeding be immediately withdrawn to the United States District Court for the Southern District of Texas.

### Relevant Case Background

In an effort to assist the parties and the District Court in analyzing the Court's analysis, the following shorthand notations are used:

> Cody Blane Mobley ("Cody Mobley")
> David Michael Mobley ("Mike Mobley")
> David Russell Mobley ("David Mobley")
> Greta Yvette Mobley ("Yvette Mobley")
>
> Q.C.E. Supply, Inc. ("Supply")
> QLS HoldCo, Inc. ("HoldCo")
> Quality Lease Air Service, LLC ("Air")
> Quality Lease Rental Service LLC ("Rental")
> Quality Lease Service, LLC ("Lease")
> Quality Lease and Rental Holdings, LLC ("Holdings")
> Rocaceia, LLC ("Rocaceia")
> Solid Liberty Services, LLC ("SLS")
> Solid Liberty Rental Services, LLC ("SLRS")
> Texas Quality Mats, LLC ("Mats")
> Texas Quality Gate Guards, LLC ("Gate")
>
> HoldCo, David Mobley and Cody Mobley ("Third-Party Defendants")
> Holdings, Rental, Service and Rocaceia ("Debtors")
> Yvette Mobley, Mike Mobley and HoldCo ("Sellers")

Yvette Mobley, Mike Mobley and their adult sons, David Mobley and Cody Mobley, own interests in a number of businesses that provide a variety of oilfield services, equipment and supplies.  On December 31, 2012, Holdings purchased two of their companies, Lease and Rental. [Global Exhibit 7].  As part of the transaction, Yvette Mobley and Mike Mobley received a 20% interest in Holdings and Mike Mobley agreed to serve as Holding's president under an employment agreement.  The parties acknowledged at the time of the sale that Yvette Mobley and Mike Mobley owned and would have continued involvement in other related businesses including Supply, Gate and Mats.  [Global Exhibit 7, Sec. 5.07(f)].

Put mildly, the new relationship did not go well.  On April 6, 2013, Holdings notified Mike Mobley that he was being placed on administrative leave pending an investigation as to whether he had breached the employment agreement and his fiduciary duties to Holdings.  On April 8, 2013, Holdings filed suit against Mike Mobley in the United States District Court for the Middle District of Florida, Tampa Division, alleging breach of contract, breach of fiduciary duty, and fraud.  Two days later, Yvette Mobley, Mats, Gate, Air and Supply filed an Original Petition and Application for Temporary Injunction against Holdings in the 329th Judicial District Court of

Wharton County, Texas asserting claims of conversion and invasion of privacy.   [Global Exhibit 9].  The Original Petition included a jury demand and the jury fee was paid.

On April 16, 2013, Holdings removed the Wharton County case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1441.  [*See* Global Exhibit 33].  On May 21, 2013, the parties filed an agreed motion to remand.  [Global Exhibit 33].  The motion states that "Plaintiffs and Defendant now agree to litigate this matter in state district court where it was originally filed. . . ."  Pursuant to the agreed motion, U.S. District Judge David Hittner remanded the case back to the 329th Judicial District Court of Wharton County, Texas on May 24, 2013. [Global Exhibit 34].

On September 6, 2013, a Second Amended Petition was filed by Yvette Mobley, Mike Mobley, Mats, Gate and Air against Holdings and Allan Martin.  The petition included a jury demand.  [Global Exhibit 12].  Supply was eliminated as a party in the Second Amended Petition.  Also on September 6, 2013, Holdings filed its Application for Injunctive Relief, Counterclaim, and Third Party Petition asserting various counterclaims and third-party claims.  Holdings asserted counterclaims against Yvette Mobley, Mike Mobley, Mats, and Gate and third-party claims against Supply, SLS, HoldCo, David Mobley and Cody Mobley.  [Global Exhibit 13].

On October 22, 2013, Holdings voluntarily dismissed its Florida case against Mike Mobley stating in its Agreed Motion for Voluntary Dismissal that, "[t]he parties agree that it is most efficient for all disputes among them and their affiliates to be resolved in Texas." [Global Exhibit 35].  The motion further states that "[t]he recent Amended Complaint filed by the Defendant in the Wharton County Case and the response filed by Holdings also are a sufficient basis for dismissal to avoid the risk of inconsistent results and judicial economy." [Global Exhibit 35].  Holdings agreed that "the parties have elected to litigate these issues in the Wharton County Case." [Global Exhibit 35].  The Florida court dismissed the case on October 23, 2013. [Global Exhibit 36].

The Debtors filed chapter 11 bankruptcy petitions on March 23, 2014 (the "Petition Date") [Docket No. 1, Case No. 14-60074; Docket No. 1, Case No. 14-60075; Docket No. 1, Case No. 14-60076; Docket No. 1, Case No. 14-60077].  On October 8, 2014, the Debtors removed the Wharton County case to the District Court pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.  Upon removal, the case was referred to this Court under the standing order of reference.

On October 16, 2014, Yvette Mobley, Mike Mobley and HoldCo filed their Plaintiffs' Statement of Non-Core Proceeding Pursuant to Federal Rule of Civil Procedure 9027(e)(3) asserting that their claims are non-core and that they do not consent to the entry of a final judgment by the bankruptcy court.  [Docket No. 6].  Mats, Gate and Air filed their own similar statements under Bankruptcy Rule 9027(e)(3).  [Docket No. 7].  David Mobley, Cody Mobley, SLS, Supply and SLRS also filed a similar statement under Bankruptcy Rule 9027(e)(3) [Docket No. 8] along with a motion to remand the entire adversary proceeding to Wharton County, Texas.  [Docket No. 9].

A number of proofs of claim were filed by the Mobleys and their affiliates on January 7, 2015, including claims by Mike Mobley, Yvette Mobley, and HoldCo (Claim No. 6), Yvette Mobley (Claim No. 7), Mike Mobley (Claim No. 8) and HoldCo (Claim No. 9).

On January 20, 2015, the Court conducted a hearing on the motion to remand. After hearing from the parties, the Court denied the motion without prejudice to reassert the request for remand after the Debtors amended their pleadings. [Docket No. 33]. On February 16, 2015, the Debtors filed their Omnibus Amended Counter-Claims and Third Party Claims of Quality Lease and Rental Holdings, Inc. for Affirmative Relief Against Plaintiffs and Third Party Defendants, and to Avoid Fraudulent Obligations and Transfer; and Quality Lease and Rental Holdings, Inc.'s and Rocaceia, LLC's Objection to Proofs of Claim filed by Plaintiffs (the "Omnibus Complaint"). [Adv. Docket No. 37].

The Omnibus Complaint seeks three categories of relief. First, Holdings amended its counterclaims and third-party claims against the Mobleys and their affiliates. [Adv. Docket No. 37]. Second, Holdings asserted new claims to recover alleged fraudulent transfers. [Adv. Docket No. 37]. Third, Holdings and Rocaceia asserted objections to the proofs of claim filed by the Mobleys and their affiliates. [Adv. Docket No. 37].

On March 9, 2015, David Mobley, Cody Mobley, SLS, SLRS and Supply filed their Demand for Jury Trial and Motion to Dismiss [Docket No. 40] and Motion for Withdrawal of the Reference [Docket No. 42]. On March 27, 2015, David Mobley, Cody Mobley, SLS, SLRS and Supply filed a Motion to Abstain. [Docket No. 43]. On March 27, 2015, Mike Mobley and Yvette Mobley filed a Motion to Remand. [Docket No. 44]. Also March 27, 2015, Air, Gate and Mats filed their Motion for Remand or in the Alternative, Motion for Withdrawal of the Reference. [Docket No. 47].

## Analysis

This adversary proceeding includes (i) the plaintiffs' claims originally asserted in the Wharton County case (fraud in the inducement, breach of fiduciary duty, shareholder oppression, breach of contract, breach of the covenant of good faith and fair dealing, breach of employment agreement, wrongful termination, conversion, invasion of privacy, assault and battery, declaratory judgment and claim for exemplary damages); (ii) Debtors' claims first raised post-removal (violations of federal securities laws, fraudulent transfers and objections to proof of claims filed in the bankruptcy case); (iii) Holding's counterclaims (fraud in the inducement of employment contract, breach of employment agreement, breach of fiduciary duty, usurpation of corporate opportunity, tortious interference with contracts, tortious interference with prospective contractual or business relations, fraudulent transfer, disregard of corporate veil, securities fraud under federal securities law, civil conspiracy and aiding and abetting in the fraudulent sale of securities, and claim for exemplary damages) and (iv) Service's claims against Mats (breach of contract and *quantum meruit*).

Currently pending before the Court are the following motions:

- Demand for Jury Trial and Motion to Dismiss filed by David Mobley, Cody Mobley, SLS, SLRS and Supply [Docket No. 40].

- Motion to Sever Claims and Withdraw the Reference filed by David Mobley, Cody Mobley, SLS, SLRS and Supply [Docket No. 42].

- Motion to Abstain and Remand filed by David Mobley, Cody Mobley, SLS, SLRS and Supply [Docket No. 43].

- Motion to Remand Claims Against Allan Martin filed by Mike Mobley and Yvette Mobley [Docket No. 46].

- Motion for Remand or, in the Alternative, for Withdrawal of the Reference filed by Air, Gate and Mats [Docket No. 47].

- Motion to Strike Jury Demands filed by Holdings [Docket No. 74].

- Motion for Jury Trial filed by David Mobley, Cody Mobley, SLS, SLRS and Supply [Docket No. 78].

- Motion for Jury Trial filed by Mike Mobley, Yvette Mobley, HoldCo, Lease, Gate, and Mats [Docket No. 79].

## Request for Severance (Docket No. 42)

The Court will first address the request for severance filed by David Mobley, Cody Mobley, SLS, SLRS and Supply as its resolution impacts the Court's analysis of other pending matters. The Court is requested to sever certain claims asserted against the movants by Holdings. Severance creates separate actions where previously there was one. Once claims are severed from a pending lawsuit, they proceed "as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). In determining whether to sever, a court should consider the following non-exclusive factors:

(1) whether severance would cure misjoinder of parties;

(2) whether severance would avoid prejudice against a party;

(3) whether the claims are closely related, arise out of the same transaction or occurrence, or present a common question of law or fact;

(4) whether different witnesses and documentary proof are required for separate claims; and

(5)  whether judicial economy would be promoted.

*SM Global Union, LLC v. Roberts*, Case No. H-13-0535, 2013 WL 2432741, at *1 (S.D. Tex. Jun. 3, 2013) (citing cases).

There is no allegation of misjoinder.  The claims, cross-claims, counterclaims and third-party claims asserted in this proceeding arise from a common nucleus of facts and are integrally intertwined.  Further, the non-debtor parties are closely related (parents, adult children and entities owned by them).  The Court cannot conceive of how it would be possible to adjudicate any claim asserted in this proceeding effectively without considering the entirety of the relationships between and conduct of the parties.  Severing claims in this case only serves to further complicate the existing litigation morass.  Severance serves no legitimate purpose and is not warranted.  The Court is convinced that a single proceeding with a single trial is the only way that finality will ever be achieved.  The request to sever is denied.

## Withdrawal of the Reference

Section 157(d) of Title 28 provides that "on timely motion of a party . . . [the district court shall] withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  To make this determination, "the court must find [that] the claim will involve an interpretation of the federal law rather than the mere application of well-settled law."  *Rodriguez v. Countrywide Home Loans, Inc*., 421 B.R. 341, 348 (S.D. Tex. 2009).   Section 157(d) further provides that the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  "For a district court to grant permissive withdrawal under 28 U.S.C. § 157(d), it must weigh six factors to determine if cause exists." *Cano v. GMAC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 127215, *5 (S.D. Tex. Sept. 29, 2009) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).  The six factors are: "1) promoting uniformity in bankruptcy administration, 2) reducing forum shopping and confusion, 3) fostering the economical use of the debtors' and creditors' resources, 4) expediting the bankruptcy process, 5) whether jury demands have been made, and 6) core versus non-core matters." *Id*.  The most important factor is whether the claims are core or non-core.  *South St. Seaport Ltd. P'ship v. Burger Boy (In re Burger Boys)*, 94 F.3d 755, 762 (2d Cir. 1996).

## Timeliness of the Requests to Withdraw the Reference

The Debtors assert that the movants' requests for withdrawal of the reference were not timely filed and should be denied.  The basis of the argument is Southern District of Texas General Order No. 2011-12 which states in paragraph 1 that "a party should move to withdraw the reference within 90 days of the complaint or notice of removal" having been filed.  The proceeding was removed from the Wharton County court on October 8, 2014.  The Omnibus Complaint was filed on February 16, 2015.  The motions for withdrawal were filed in March 2015, within 90 days of the Omnibus Complaint but outside 90 days from the date of removal of the case.  The Court notes that General Order No. 2011-12 further provides that a party not

having filed a motion to withdraw the reference within 90 days of a complaint or notice of removal has not waived the parties right to challenge the bankruptcy court's authority and further that the bankruptcy court may raise the issue of its authority at any time and on its own initiative. Although parties *should* file a motion to withdraw the reference within the time frame provided by General Order No. 2011-12, the Court does not read the order to prohibit a party's ability to request withdrawal after the expiration of 90 days. Indeed, if the Court were inclined to impose sanctions for filing a motion in violation of General Order No. 2011-12, it would not strike the motion to withdraw absent compelling circumstances not present in this adversary proceeding.

## The Right to a Jury Trial

When a party that is entitled to a jury trial properly requests a jury and does not consent to a jury trial before the bankruptcy court, the bankruptcy court must recommend that the adversary proceeding be withdrawn to the district court for trial. *In re Clay,* 35 F.3d 190, 196-97 (5th Cir. 1994). Both the Third-Party Defendants and the Sellers have filed notices stating that they do not consent to the bankruptcy court conducting a jury trial.

The Third-Party Defendants assert they are entitled to a jury trial by virtue of the posture of the Wharton County litigation prior to removal (*i.e.*, their ability to rely on a jury demand originally made by the Sellers but which was omitted by the Sellers in their Third Amended Petition but not expressly withdrawn). Additionally, both the Third-Party Defendants and the Sellers have filed post-removal motions for jury trial pursuant to Federal Rule of Civil Procedure 39(b). [Docket Nos. 78 and 79]. Neither the Third-Party Defendants nor the Sellers consent to the bankruptcy court conducting a jury trial.

No party disputes that at least some of the claims asserted this adversary give rise to the right to a jury trial. The Debtors assert that the Sellers waived their right to a jury trial in in the Purchase and Contribution Agreement and by filing proofs of claim in the bankruptcy case. Filing a proof of claim brings a creditor within the equitable jurisdiction of a bankruptcy court and thereby waives the Seventh Amendment right to a jury trial on issues that are related to the proof of claim. *See Langenkamp v. Culp*, 111 S.Ct. 330 (1990). With regards to the Third-Party Defendants, the Debtors assert that their right to a jury trial has been waived because their jury demands were not asserted in a timely manner.

After much consideration and in recognition of the paramount importance the right to a jury serves in our judicial process, the Court cannot conclusively conclude that none of the parties are entitled to a jury trial. Accordingly, the Court must recommend that the reference be withdrawn to the District Court. Having reached that decision, the Court will avoid the temptation to address the substantive issues raised in the motions for jury trial and motions to strike. That determination is best left to the court which will conduct the trial on the merits.

The Court's decision is supported by the other *Holland* factors. The majority of courts evaluating a request to withdraw the reference place paramount importance on whether the claims at issue are core or non-core. *See Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Core proceedings are those that are "uniquely affected by the bankruptcy proceedings" or that "directly affect a core bankruptcy function." *Luan Investment S.E. v. Franklin 145 Corp.* (*In*

*re Petrie Retail*), 304 F.3d 223, 229 (2d Cir. 2002). Non-core claims include claims that are related to a bankruptcy case but do not arise in or arise under the Bankruptcy Code.

This adversary involves both core and non-core claims. The fraudulent transfer claims and objections to proofs of claim are core matters. 28 U.S.C. § 157(b)(2)(H) and (B). However, all other claims are non-core. The Debtors acknowledge the claims for which the Third-Party Defendants seek withdrawal are non-core. They argue, however, that the claims are inextricably intertwined with core proceedings. On this issue, the Court agrees. Regardless of whether the claims are core or non-core, practicality demands that all claims be adjudicated by a single court.

While related-to state law claims predominate, this adversary proceeding contains claims over which the federal courts have exclusive jurisdiction. Withdrawal of the reference will expedite the proceeding and result in a more economical use of the parties' resources. Absent consent, this Court does not have the authority to enter a final judgment on non-core claims. If the bankruptcy court were to try the case and then enter a judgment on core claims and a report and recommendation to the district court on the non-core claims, the ultimate resolution would be complex and time-consuming. Remand is equally unappealing. If the state law claims are remanded to the state court, at least two courts will be required to consider the same evidence, hear the same testimony, measure the same damages, and be compelled find the same facts. The United States District Court is the only court with the jurisdiction and authority to consider all claims in this proceeding.

Assertions are made that the Debtors engaged in forum shopping by commencing litigation in Florida and by removing the Wharton County litigation to the U.S. District Court for the Southern District of Texas and then agreeing in each of those proceedings to dismissal because that the dispute should be litigated in Wharton County. [*See* Docket No. 47, ¶30, p. 11]. The Court is mindful of the previous maneuvers. However, this litigation has evolved significantly with the assertion of additional claims that cannot be resolved by a state court. Withdrawal is the only practical solution. Likewise, the outcome of this litigation will not bear heavily on the administration of the estate. The Debtor has confirmed a liquidating chapter 11 plan. This litigation will only affect the size of the distribution coffers and the parties that share in its distribution.

The Third-Party Defendants additionally assert that the district court must mandatorily withdraw the reference because "one of [the claims] concerns interpretation of "Section 10 of the 1934 Act, 15 U.S.C. § 78j, and Rule 10b-5 promulgated thereunder." [Docket No. 42, ¶ 14, p. 6]. Withdrawal is only "mandatory when a court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 347–48 (S.D. Tex. 2009). However, the mere presence of federal law issues outside of Title 11 does not mandate withdrawal. *Id.* The Third-Party Defendants argue that an analysis of federal law is central to this proceeding because for a court to determine whether Movants conspired to commit federal securities fraud against Holdings, it must determine whether anyone committed federal securities fraud against Holdings. *See Guajardo v. Freddie Records, Inc.*, 2013 U.S. Dist. LEXIS 90630, *94 (S.D. Tex. April 9, 2013) (explaining that conspiracy is a derivative tort that depends on participation in the underlying tort). The Third-Party Defendants reason that such a determination must require material consideration of non-bankruptcy federal law.

The Court has serious reservations whether consideration of the federal securities laws claims in this adversary proceeding—claims added in the Omnibus Complaint filed by the Debtors after removal—rises to the level of "substantial and material consideration" of non-bankruptcy federal law.  The claims in this proceeding are primarily based in state law.  The Court sees no novel theory that would require the interpretation of the applicable statutes.  The Court believes that "the tail should not wag the dog."  Absent the above conclusions regarding the parties' right to a jury trial, the Court does not believe that the mandatory withdrawal of the reference is required.

### Conclusion

Notions of efficiency dictate that the claims asserted in this adversary proceeding be adjudicated by a single court.  A colorable right to a jury trial exists.  The parties do not consent to a jury trial before this Court.  Accordingly, the District Court is the sole court with the jurisdiction and authority to preside over all claims asserted in this adversary proceeding.  Withdrawal of the reference is required.  Ordinarily, the Court volunteers to assist the District Court by handling all pre-trial matters when bankruptcy issues predominate.  Under the circumstances, however, the Court believes that the immediate withdrawal of the entire adversary proceeding is most efficient course of action.  Should the District Court disagree, the Court stands ready to handle any pre-trial matters as directed by the District Court.

**SIGNED: February 1, 2016.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**